**TORRES et al. v. LOCK JOINT PIPE CO. OF PUERTO RICO.**

**Civ. No. 2964.**

United States District Court
D. Puerto Rico, San Juan Division.
June 10, 1949.

Ernesto Ramos Antonini, San Juan, Puerto Rico, Victor Gutierrez Franqui, San Juan, Puerto Rico, for plaintiffs.

Henry G. Molina, San Juan, Puerto Rico, Carlos J, Torres, San Juan, Puerto Rico, for defendant.

COOPER, District Judge.

This case was tried before me without a jury on March 30, 1943. The question

for decision is the applicability of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., to the work performed by plaintiffs as employees of the defendant. If the Court shall find in favor of the plaintiffs it will then be necessary to determine the amount due to each plaintiff. This in all probability would require the services of a Special Master.

Before proceeding with the main question it is proper to dispose of the motion of defendant, filed on December 14, 1942, to dismiss the complaint as to certain plaintiffs insofar as their claim is based upon work performed prior to February 28, 1942. This motion is based upon a final judgment of this Court entered on August 5, 1942. The said judgment was rendered in the case of Hipolito Rivera, et al. v. Lock Joint Pipe Company, Civil No. 2488. An examination of the record in that case shows clearly that the following plaintiffs in the instant case were plaintiffs in Civil No. 2488. It further appears that the issues in the two cases are identical as to work alleged to have been performed prior to February 28, 1942.

The following plaintiffs in the instant case were plaintiffs in Civil No. 2488:— Hipolito Rivera, Tiburcio Amador, Ramon Llano, Julio Nieves, Antonio R. Melesio Eduardo Amador, Gregorio Ramos, Ramon Guzman, Tomas Ortiz, Ciprian Gonzalez, Juan Gonzalez, Francisco Lopez, Ramon Cruz, Ramon Walker, Eduvigis Quinones, Sixto Ortiz, Felix Rodriguez, Augusto Caballero, Manuel Gonzalez, Justo Montanez, Vicente Cotto, Pablo Isaac, Antonio Ramos, Martin Amador, Bruno Davila, Justino Alvarez, Jesus Lopez, Felix Alvarez, Pedro Guadalupe, Agustin Flores, Manuel Garcia, Silvestre Merced, Candido Collazo and Santos Alvarez. As these named plaintiffs were party plaintiffs in said suit, and the issues involved being the same, the said judgment is res judicata as to any claim of these named plaintiffs for work or services performed prior to February 28, 1942. The motion, therefore, to dismiss is granted as to any claim on behalf of these said plaintiffs, except as to work performed subsequent to February 28, 1942.

## Findings of Fact.

1. The plaintiffs were employees of the defendant prior to the commencement of this action and received as compensation for their work less than the minimum wage required by the Fair Labor Standards Act.

2. The plaintiffs were employed in the production of concrete pipes for sale in Puerto Rico.

3. In the year 1940 a contract was entered into between the parent company of defendant and the Arundel Corporation and Consolidated Engineering Company to furnish a quantity of pipes not necessary to enumerate in this finding. The contract called for the delivery of said pipes to the Arundel Corporation and Consolidated Engineering Company at the Naval Air Station, San Juan, Puerto Rico. The contract further provides:

"The Government of the United States hereby takes title to the materials included in this order upon delivery to the custody of the Arundel Corporation and Consolidated Engineering Company, Inc. Contractors NOY 3680, Naval Air Station, San Juan, Puerto Rico * * *—"

4. The material covered by this contract was to be delivered as and when called for by the purchasers.

5. The Arundel Corporation and Consolidated Engineering Company were at the time of this contract, and are now, engaged in building bases for the United States Government in Puerto Rico, including the Islands of Vieques and Culebra and also in St. Thomas, St. Lucia and Antigua. Some of the pipes when delivered as requested by the purchasers were sent to and used in St. Thomas, St. Lucia and Antigua. Defendant was not informed of the purpose to send the pipes to points outside of Puerto Rico. The contract calls for delivery in Puerto Rico. Defendant did not know, until directed to deliver some pipes at a pier in Puerto Rico, that they were to be transported either to Vieques, Culebra or to Islands outside of Puerto Rico. Less than 1% of the total production of the defendant during the period covered by the complaint was trans-

ported by the purchasers to points outside of Puerto Rico.

### Conclusions of Law.

1. Since the testimony in this case fails to show that plaintiffs were at any time engaged in the production of goods for interstate commerce, or in any work or process incident thereto, or that they were engaged as employees of defendant in the transportation of goods in commerce, they are not within coverage of the Fair Labor Standards Act and may not recover anything in this proceeding.

2. It is not claimed that any of the plaintiffs did work for the defendant except in the production of pipes which were sold as stated in the contract heretofore referred to which contract called for delivery to the purchasers in Puerto Rico.

3. The shipment of pipes to Islands outside of Puerto Rico to be used in the construction of bases for the Government of the United States was not a shipment in commerce as contemplated by the Fair Labor Standards Act.

A judgment will be entered, therefore, dismissing the complaint as to all plaintiffs.